UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL EATON,

    Plaintiff,

v.                                            Case No. 5:24-cv-4-TKW-MJF

ANGEL CANDELARIA, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff Michael Eaton, a Florida prisoner proceeding *pro se* and *in forma pauperis*, has filed a complaint under 42 U.S.C. § 1983. Doc. 1. The undersigned recommends that this case be dismissed because Eaton's complaint fails to state a plausible claim for relief and because Eaton has not complied with the order requiring him to replead.

**I. Background**

**A.** **Allegations of Eaton's Complaint**

Eaton is an inmate of the Florida Department of Corrections currently housed at the Union Correctional Institution. Doc. 9. Eaton is suing two prison officials at the Jackson Correctional Institution in their

individual capacities—Lieutenant Angel Candelaria and Officer M. Cabezas. Doc. 1 at 2-3.

Eaton alleges that on October 30, 2023, Candelaria escorted Eaton from the medical department back to his cell. *Id.* at 5. Candelaria removed all of Eaton and his cellmate's property—including mattresses, bedding, hygienic supplies, and clothing—leaving Eaton and his cellmate with only boxer shorts. This property restriction lasted 72 hours. *Id.* at 6. Eaton alleges that "[t]his was done durring [sic] a cold front of 40 degree weather and this cell has no heat and the window doesn't close all the way." *Id.* at 5.

Based on the foregoing, Eaton claims that Candelaria and Cabezas violated the Eighth Amendment "for placing an inmate in a cell for 72 hours with no heat, clothing, hygiene, bedding or a mattress to lay on in 40 degree weather maliciously and intentionally for the only reason to cause harm and pain." *Id.* at 7. As relief, Eaton seeks declaratory and injunctive relief as well as money damages. *Id.* at 7-9.

B.   **The Order Requiring Eaton to Replead**

On April 8, 2024, the undersigned ordered Eaton to replead or file a notice of voluntary dismissal by May 8, 2024. Doc. 11. The undersigned

outlined the Eighth-Amendment standard applicable to conditions-of-confinement claims and explained to Eaton why his allegations failed to satisfy that standard. *Id*. at 4-9. The undersigned warned Eaton that failure to comply with the order likely would result in this case being dismissed for failure to state a claim, failure to prosecute and failure to comply with a court order. *Id*. at 12. To date, Eaton has not complied with the April 8 order, and has not responded to the 14-day show cause order entered on May 24, 2024. Doc. 14.

## II. DISCUSSION

### A. Screening Standard Under 28 U.S.C. §§ 1915(e)(2) and 1915A

Because Eaton is a prisoner and is proceeding *in forma pauperis*, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (comparable screening provision of *in forma pauperis* statute).

To prevent dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Iqbal*, 556 U.S. at 678. The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," that is, "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

**B.  Eighth-Amendment Standard**

The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. An Eighth-Amendment claim based on the conditions of a prisoner's confinement "requires a two-prong showing: an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities' and a subjective showing that the official

had a 'sufficiently culpable state of mind.'" *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

"[A] prisoner's mere discomfort, without more, does not offend the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1289, 1295 (11th Cir. 2004). To satisfy the objective component, "the challenged condition must be 'extreme,'" and at the very least must pose "'an unreasonable risk of serious damage to [the prisoner's] future health' or safety." *Chandler*, 379 F.3d at 1289 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). "In evaluating an Eighth Amendment claim, [courts] consider both the 'severity' and the 'duration' of the prisoner's exposure to extreme temperatures." *O'Connor v. Kelley*, 644 F. App'x 928, 932 (11th Cir. 2016) (quoting *Chandler*, 379 F.3d at 1295).

To satisfy the subjective component, the prisoner must establish that the official acted with "deliberate indifference." *Thomas* at 1304 (citing *Wilson v. Seiter*, 501 U.S. 294, 303 (1994)). Deliberate indifference has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003)

(quotations omitted). The official must have been actually aware of the risk of harm: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Finally, the plaintiff must allege "an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). That is, the constitutional deprivation must be "a legal cause of the plaintiff's injuries." *Williams v. Bennett*, 689 F.2d 1370, 1381 (11th Cir. 1982).

1.  ***Eaton Failed to State a Claim Against Candelaria***

Eaton claims that Candelaria violated the Eighth Amendment when he deprived Eaton of all bedding, hygiene supplies and clothing (except a pair of boxer shorts) for 72 hours. Eaton alleges that this was cruel and inhumane because the extern temperature was 40 degrees and the cell window did not close completely.

Eaton's allegations fail to demonstrate that he was exposed to "extreme" conditions. Eaton provides insufficient detail about the temperature ranges in his cell during those three days, and the degree of

cold he actually experienced each day and for how long. Eaton also does not indicate whether the dormitory, itself, was heated. And although Eaton asserts that the cell window did not "close all the way," it is implausible that the opening was consequential as that would have posed a threat to prison security.

It also bears noting that Eaton does not allege that he experienced—much less reported—any medical problems to prison officials arising from the restrictive conditions. Mere confinement "without clothing (other than boxers), bedding, or hygienic materials for 72 hours . . . is not the type of extreme prison conditions that create a substantial risk of serious harm." *Woodson v. Whitehead*, 673 F. App'x 931, 932 (11th Cir. 2016); *O'Connor*, 644 F. App'x at 932 (prisoner's placement on strip-cell status for longer than 72 hours during January in Florida, without a blanket, mattress or bed and with only a "suicide shroud," did not violate the Eighth Amendment even if prisoner felt uncomfortably cold; prisoner alleged no details about the actual temperature of his cell or about the degree of cold he experienced, and prisoner did not report any medical problems to prison officials).

Additionally, even if Eaton suffered more than mere discomfort during the 72-hour property restriction—which he does not allege—he does not allege that Candelaria acted with a sufficiently culpable state of mind. *Chandler*, 379 F.3d at 1289. Although Eaton makes the conclusory assertion that Candelaria removed the property "only . . . to cause harm and pain," this conclusion is belied by Eaton's allegation that Candelaria was carrying out a property restriction that had been imposed. *See* Doc. 1 at 5 (quoting Candelaria's remark: "Why is their property still in their cell?"). Eaton does not identify the person who decided to place him on property restriction.

Eaton also fails to allege that Candelaria knew that the temporary property restriction posed a substantial risk to Eaton's health. To the contrary, Eaton concedes that Candelaria knew that Eaton had been medically evaluated prior to being placed in the restrictive conditions.

For these reasons, Eaton's allegations fail to satisfy the objective and subjective components of an Eighth-Amendment claim. Eaton's claim against Candelaria, therefore, is subject to dismissal for failure to state a claim.

### 2. *Eaton Fails to State a Claim Against Cabezas*

Eaton's complaint does not mention Cabezas except to describe Candelaria's remark to Cabezas as Candelaria approached the cell with Eaton. Doc. 1 at 5. Eaton fails to allege facts which indicate that Cabezas violated the Eighth Amendment. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (dismissing prisoner's Eighth-Amendment claims against two prison officials because the complaint alleged no facts describing how either was deliberately indifferent to prisoner's health or safety (citing *Farrow*, 320 F.3d at 1245-46)); *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissing prisoner's Eighth-Amendment claims against three prison officials because the complaint failed to allege facts that associated any of those defendants with the alleged constitutional violation); *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) (a complaint must "state with some minimal particularity how overt acts of the defendant caused a legal wrong"). Eaton, therefore, has failed to state a claim upon which relief can be granted.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED without prejudice** for Plaintiff's failure to comply with court orders,[1] and because Plaintiff's complaint fails to state a claim on which relief can be granted.

2. The clerk of court be directed to close this case file.

At Panama City, Florida, this 24th day of June, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's**

---

[1] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").

**internal use only.** A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.